UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAC SURGICAL PARTNERS P.A., *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-1355 |
| | § | |
| UNITED HEALTHCARE SERVICES, INC., *et al*, | § § § | |
| | § | |
| Defendants. | § | |
| | § § | |
| PAR SURGICAL, PLLC, *et al*, | § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-197 |
| | § | |
| UNITED HEALTHCARE SERVICES, INC., *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Pending before the Court is the Motion to Consolidate [Doc. 243] filed by Defendants United Healthcare Services, Inc. and Ingenix, Inc. (collectively, "United"). Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 7.6, United seeks to consolidate Case Nos. H-13-197 and H-11-1355. The plaintiffs in Case No. H-11-1355 filed a Response [Doc. 255] objecting to consolidation, and the plaintiffs in H-13-197 filed a Reply [Doc. 265] addressing those objections and supporting consolidation.

Having considered the pleadings, the factual and procedural posture of each case, and the applicable law, the Court concludes that the motion should be granted and the two cases consolidated.

## I.    Background

This motion involves two civil actions in the Southern District of Texas and one common defendant. The first-filed case, *DAC Surgical Partners P.A. v. United Healthcare Services, Inc.* (*DAC Action*), No. H-11-1355, is pending before the undersigned judge, and the later-filed case, *Par Surgical, PLLC v. United Healthcare Services, Inc.* (*Par Action*), No. H-13-197, is pending before Judge Ewing Werlein, Jr. The Defendant in each case, United, moves to have the actions consolidated here, designating the first-filed DAC Action as the lead case.

On April 8, 2011, twenty plaintiffs ("DAC Plaintiffs"), all Texas professional associations owned by doctors and surgeons ("Doctors"), filed the DAC Action against United, which consists of an insurance company and its wholly-owned subsidiary. (Compl., Doc. 1). By the time of the filing of the Fourth Amended Complaint ("DAC Complaint") [Doc. 140] on July 2, 2012, the DAC Plaintiffs had grown to thirty-seven professional associations and limited liability partnerships and companies. Their allegations are as follows:

It is common practice in the health care industry to perform outpatient surgery at an ambulatory surgical center ("ASC") instead of a hospital. (Doc. 140 ¶ 45 n.2). Accordingly, each of the DAC Plaintiffs entered into a "use agreement" with a licensed ASC operator to perform surgery at an ASC in exchange for a fee. (Doc. 140 ¶ 45). For all but two of the DAC Plaintiffs, that ASC operator was The Palladium for Surgery–Houston, LLP ("Palladium"). (Doc. 140 ¶ 45 n.2). Before performing these procedures on United's insureds, the Doctors' representatives called United to verify that the surgeries were valid and billable, and the DAC Plaintiffs' billing

agents made a second call to United to verify patients' eligibility and coverage. (Doc. 140 ¶¶ 44, 46). After confirming the costs as valid and billable, United would state how much it would pay for the claim and, after surgery, pay that stated amount. (Doc. 140 ¶¶ 46, 48). Standard claims consisted of two types of fees: a physician fee and a facility fee. (Doc. 140 ¶ 49). This practice continued for several years, as United compensated the DAC Plaintiffs for hundreds of surgeries and medical treatments performed at ASCs, paying both physician fees and facility fees. (Doc. 140 ¶ 50). In late 2009, however, United sent each DAC Plaintiff an "Overpayment Demand" letter, contending that Texas law required each DAC Plaintiff to maintain a separate ASC license and, because they did not, they were never entitled to compensation for facility fees. (Doc. 140 ¶ 58). Thus, United stopped paying such claims, including pending claims totaling over $10 million, and sought repayment of the facility fees for which United had previously provided compensation. (Doc. 140 ¶¶ 58-59). Additionally, United allegedly underpaid other claims totaling approximately $10 million. (Doc. 140 ¶ 60). As a result, the DAC Plaintiffs filed their lawsuit, asserting the following causes of action: negligent misrepresentation; breach of implied-in-fact contract; Texas Insurance Code violations; quantum meruit; unjust enrichment; and promissory estoppel. (Doc. 140 ¶¶ 64-94).

The two plaintiffs in the Par Action, PAR Surgical, PLLC and Euston Associates, PLLC ("Par Plaintiffs"), are both Texas professional limited liability companies, originally created and owned by Dr. Scott Cohen ("Dr. Cohen") and currently owned by Dr. Donald Kramer. (Doc. 265 at 2 n.1). On December 17, 2012, the Par Plaintiffs filed suit against United in Harris County, Texas, (Original Pet., *Par Action*, No. H-13-197, Doc. 1-2), and on January 25, 2013, United removed that case to the Southern District of Texas, (Notice of Removal, *Par Action*, No. H-13-

197, Doc. 1). In their Original Petition ("Par Complaint"), the Par Plaintiffs made the following allegations:

As part of their health care operations, the Par Plaintiffs entered into use agreements with Palladium, allowing Dr. Cohen to perform outpatient surgeries at the ASC operated by Palladium in exchange for a fee. (Par Compl. at 2). Before such surgeries on United's insureds, the Par Plaintiffs contacted United for preapproval of the physician fees and facility fees. (Par Compl. at 3). Palladium also contacted United for the same purpose; thus, prior to each surgery, United represented twice that the surgery and its associated fees were preapproved and covered by insurance. (Par Compl. at 3). After surgery, the Par Plaintiffs submitted claims to United, and, for years, United paid these claims. (Par Compl. at 3). Then, in 2009, United sent the Par Plaintiffs "Overpayment Demand" letters, stating that they had each violated Texas law by not individually possessing an ASC license. (Par Compl. at 3-4). Therefore, explained United, it would no longer reimburse the Par Plaintiffs for their ASC facility fees, and it demanded repayment of previously reimbursed facility fees. (Par Compl. at 3). Additionally, United has withheld compensation from the Par Plaintiffs for unrelated medical services in order to offset the amounts claimed in the "Overpayment Demand" letters. (Par Compl. at 4). Consequently, the Par Plaintiffs filed their suit, asserting the following causes of action: negligent misrepresentation; breach of implied-in-fact contract; Texas Insurance Code violations; quantum meruit; and promissory estoppel. (Par Compl. at 4-6).

## II.     Legal Standard

Federal Rule of Civil Procedure 42(a) grants trial courts discretionary authority to consolidate cases that "involve a common question of law or fact." The Fifth Circuit has urged district judges "to make good use of Rule 42(a) in order to expedite … trial and eliminate

unnecessary repetition and confusion," even when opposed by the parties. *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)) (alterations and internal quotation marks omitted). Thus, "consolidation is permitted as a matter of convenience and economy in administration," *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 394 (5th Cir. 2004) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933)) (internal quotation marks omitted), though not "if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

## III. Discussion

Comparing the facts in the two complaints is a straightforward exercise, as even a cursory glance reveals virtually identical allegations and causes of action against common defendants; the only meaningful difference is the names of the plaintiffs. Furthermore, United avers in its motion that its defenses and counterclaims will be the same in each case.[1] (Doc. 243 at 3-4). Suffice it to say, without restating circumstances that have been stated twice already, that the questions of law and fact are similar enough that the DAC Plaintiffs do not offer any challenges to consolidation on such grounds.

In fact, the DAC Plaintiffs' only objection is that consolidation with the Par Action, which was filed twenty months after theirs, will delay their case, thereby causing them prejudice. (Doc. 255 at 2-3). This concern is unpersuasive, and, to the extent that it is warranted, is mitigated by United's assertion that it does not anticipate the need to extend any significant deadlines in the DAC Action, (Doc. 243 at 7), and the Par Plaintiffs' assertions that they will not

---

[1] To date, United has filed, prior to removal from state court, only a general denial of the allegations in the Par Complaint, (Answer, *Par Action*, No. H-13-197, Doc. 1-6), and has yet to file its counterclaims against the Par Plaintiffs. Upon consolidation, however, United requests the addition of new parties from the Par Action to its Counterclaims [Doc. 144] against the DAC Plaintiffs. (Doc. 243 at 7).

seek to re-depose any witnesses, will expedite their own written discovery, and will not seek a continuance of the DAC Action's September 23, 2013 trial date, (Doc. 265 at 2-3). Even without such representations, however, it is difficult to see how some duplication or short delays would amount to anything more than minor inconvenience, rather than material prejudice. Indeed, although the two cases are at different stages of preparedness for trial, that difference is not so great as to outweigh the obvious benefits of convenience and economy offered by consolidation. *Cf. Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989) (upholding the district court's denial of consolidation because the first-filed action "was ready for trial" and the later-filed action was not); *St. Bernard*, 712 F.2d at 990 (same). Here, the two cases involve the same type of use agreements for medical services at the same ASC, the same denial of payments by the same defendants, and the same claims and counterclaims between the parties. Keeping those parties separated would simply be inefficient. *See O'Hare v. Vulcan Capital, L.L.C.*, No. SA-04-CA-566-OG, 2007 WL 996437, at *3 (W.D. Tex. Feb. 20, 2007) (consolidating two cases in which "[t]he core issues … substantially overlap[ped]"); *Mid-Continent Cas. Co. v. Davis-Ruiz Corp.*, No. C-06-315, 2006 WL 2583451, at *1 (S.D. Tex. Sept. 7, 2006) (consolidating, sua sponte, "two actions involv[ing] identical parties and common questions of law and fact").

## IV.  Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that United's Motion to Consolidate [Doc. 243] Case Nos. H-11-1355 and H-13-197 is **GRANTED** and all pleadings shall be filed in the lead case, H-11-1355. It is further

**ORDERED** that United is granted ten days' leave to amend its Counterclaims [Doc. 144] and join new parties in order to assert such claims against those parties.

SIGNED at Houston, Texas, this 24th day of June, 2013.

                                          MELINDA HARMON
                              UNITED STATES DISTRICT JUDGE